No. 9233.

## EIGEMANN v. BOARD OF COMMISSIONERS OF POSEY COUNTY.

CONTRACT.—*Extra Work.---Evidence.*—Where, by the terms of a building contract, extra work is to be estimated in proportion to the contract price of the entire work, evidence of the reasonable value of the extra work is not admissible.

SAME.— *County Commissioners.—County Building.—Individual Action.*—The authority of a board of county commissioners, for the doing of extra work to an amount exceeding $500, in the construction of a county jail, under a contract with plans and specifications, can not be shown by proving the separate individual assent of the members of the board.

SAME.---*Ratification.—Mistake.*—It is not competent to show a ratification by the board of commissioners of extra work done under a contract for the building of a jail, by proof that the disputed items were omitted by mistake from the architect's report to the board of extra work, the board having approved some and rejected others of the items so reported.

From the Vanderburgh Circuit Court.

*C. A. DeBruler, E. R. Hatfield* and *H. C. Pitcher,* for appellant.

*E. M. Spencer, A. P. Hovey* and *G. V. Menzies,* for appellee.

WOODS, J.—The appellant applied to the board of commis-

sioners for an allowance in payment for extra work done in the construction of the jail and sheriff's residence at Mount Vernon, in said county. The board rejected the claim; the case, on appeal to the circuit court, was taken, by a change of venue, to the court below, in which the appellant obtained judgment for a small sum, not disputed, the evidence of the remainder of his claim having been excluded by the court.

The contract between the parties was reduced to writing, and contains this stipulation, to wit:

" The party of the first part reserve to themselves the right to make such alterations, additions or omissions to said plans as they may deem necessary and proper, and in case such alterations shall be required of the party of the second part, then the additional costs so incurred to be estimated and paid for in the proportion such work may bear to the original contract prices, and as certified to by said architects."

The printed specifications, which are made a part of the contract, contain the following provision:

" If any change is made in the design or details of the building, by the commissioners or their representative, the superintending architect, the same shall not invalidate a contract, but a certificate of the same shall be entered by said superintending architect and put on file at the auditor's office, stating at the same time the difference, more or less, from the contract sum, caused by the change."

Also the following: " The architect to be at liberty, by the direction and order of the board of commissioners, to make any deviation from, or alteration in, the plan, form, construction, detail and execution described by the drawings and specifications, without invalidating or rendering void the contract, and, in case of any difference in the expense, an addition to or abatement from said contract amount shall be made in the ratio or proportion such works may bear to the whole contract works agreed to be performed, and the same to be determined by the architect, but no extra or addition to be admitted or allowed for unless executed under his written authority,

and a statement and amount of claim to be made weekly for the architect's decision thereon. The architect's decision, opinion, certificate, report and decision on all matters to be binding and conclusive."

The first cause stated in the motion for a new trial is, "That the court erred in refusing to permit the plaintiff to prove by the witness, * * that items charged in the plaintiff's bill of particulars * * were for extra work and labor done and material furnished by the plaintiff in the building, etc., outside the requirements of the contract for the building of the same, and that all of said extra work was done with the knowledge and by the authority of the supervising architect and superintendent of construction, and with the knowledge and acquiescence of the individual members of the board of commissioners of Posey county, and that all of said work was done in a good and workmanlike manner, and the prices charged therefor * * reasonable."

Irrespective of the merits of the general question to which the arguments of counsel have, in the main, been addressed, the ruling of the court was, for manifest reasons, technically right.

It was not offered to prove that the architect gave any written order for the extra work, nor that the weekly statements, required by the specifications to be made for the architect's decision thereon, had been made, nor was it offered to show the cost or value of the extra work according to the rule fixed by the contract, that is, "in the ratio or proportion the extra work" bore "to the entire work," or "to the original contract prices." · The offer to prove the reasonable value was, under the contract, irrelevant and incompetent.

The stronger and more satisfactory ground for upholding the decision of the circuit court, however, is, that, without the direction and order of the board, the architect had no authority to make or permit any alterations or additions in the plans of the work, and that it was incompetent to show that the changes, which were made, were made with the knowledge and acquiescence of the individual members of the board. The

individual action or acquiescence of the commissioners was, as the appellant had agreed and was bound to know, as meaningless and ineffective as the action of any other citizens would have been. It was not offered to show that the extra work was done with the joint approval of the individual members of the board acting together. So that the question, what would have been the effect of such action, is not presented. The averment of individual acquiescence of the members, if it does not import the separate act of the members, certainly can not be construed to mean their joint official action. The intendments are against the pleader.

By force of the act of December 23d, 1872, 1 R. S. 1876, p. 374, the commissioners were forbidden to contract for the building of a jail or other structure, to cost more than $500, until a plan and specifications had been adopted and filed in the office of the county auditor, and until they had advertised the letting, and were then required to let the same to the lowest bidder, and to take of him bond and security for the performance of the work according to the plans and specifications so filed.

Whether under the provisions of this law it was in the power of the commissioners to authorize or require alterations which involved a difference of more than $500, in the cost of the building (the claim of the appellant for extra work exceeds $10,000), we do not find it necessary to decide. It is clear upon the evidence adduced and the facts offered to be proved that no attempt was made on the part of the commissioners as a board to give official sanction to the additions in question, and on the part of the appellant there was no effort to comply, in respect to the matters in dispute, with the explicit requirements of his contract.

In his final report to the board, made after the completion of the building, the architect made a statement of extra work done by the appellant, reporting some of the items as done on the authority of the architect, and others without his objection. Thereupon the board ordered the payment of speci-

fied items and rejected the others. On the trial, the appellant offered to prove that by mistake the architect omitted from this report certain items of extra work; the court excluded the evidence and counsel argue that this was error. They say: " Clearly the board ratified the acts of the architect in ordering the work to be done. They failed to pay for it simply because it was omitted from the architect's report."

The reasoning seems to us to be without force. Assuming, without conceding, that the board lawfully allowed what it did allow, and might lawfully have allowed for the omitted items, if they had been included in the report, the inference is not warranted either in law or logic that they would have allowed the omitted items because they did allow some of those which were reported. There is perhaps better reason for the opposite inference. There is certainly no ground for saying that, by accepting some of the items of the report and rejecting others, they thereby ratified things not mentioned in the report. If by doing the work, under the direction of the architect, with the knowledge and acquiescence of the individual commissioners, the appellant did not acquire a right to compensation from the county, as we have already decided he did not, his claim could not be made better by proving the failure of the architect by mistake to make mention of it in a particular report in which other like items were embraced.

Judgment affirmed, with costs.