### WACKER v. ESSEX ET AL.

**[No. 9,542.   Filed May 3, 1918.]**

1. CONTRACTS. — *Building Contracts.* — *Performance.* — *Architect's Certificates.*—*Conclusiveness.*—An architect must act within the scope of his authority in order to bind the owner by certificates as to the amount due for labor and materials. p. 590.

2. CONTRACTS.—*Building Contracts.—Architect's Certificates.—Conclusiveness.*—Under a contract which provided that the contractor was to be paid in monthly payments, as the work progressed, eighty-five per cent. of the contract price, the remaining fifteen per cent. to be paid thirty days after the work had been "fully completed and accepted by the owner in writing," the architect's certificates as to the final amount due and as to "extras," each certificate reciting that it was not to be considered as an acceptance, but only as an expression of the architect's opinion, were not conclusive on the owner. p. 590.

3. APPEAL.—*Review.—Reservation of Grounds.*—Objections as to the exclusion of evidence not urged in the motion for new trial present no question for review. p. 591.

4. CONTRACTS.—*Building Contracts.—Waiver of Provision.—Question of Fact.*—Though the provision of a building contract requiring a written demand for an extension of time because of delay of the owner, etc., may be waived, whether there has been such a waiver is a question of fact. p. 593.

5. APPEAL.—*Review.—Questions of Fact.*—The decision of the trial court on a question of fact, if supported by some evidence, is conclusive on appeal. p. 593.

6. APPEAL.—*Briefs.—Contracts.—Evidence.—Admissibility.* — In a building contractor's action, there was no error in excluding evidence of contracts between the owner and other contractors for the construction of other parts of the building, where there was no showing that the appellant contractor's rights could have been affected by such contracts. p. 594.

From Marion Superior Court; *W. W. Thornton,* Judge.

Action by Herbert M. Woolen and another against S. Herbert Essex and others, in which Charles J. Wacker and others filed cross-complaints. From the judgment rendered, Wacker appeals. *Affirmed.*

*Henley, Fenton & Joseph, Francis M. Springer* and *Henry Abrams,* for appellant.
*Remy & Berryhill,* for appellee.

HOTTEL, J.—The facts which gave rise to the litigation in which the judgment was rendered from which this appeal is prosecuted are in substance as follows: On February 8, 1913, the appellees, S. Herbert Essex and Lenora Essex, hereinafter referred to as "E and E," obtained a ninety-nine year lease on ground fronting seventy-four feet on Meridian street and forty-two feet and eight inches on Louisiana street, in the city of Indianapolis. On the same day E and E subleased said ground to the Meridian Hotel Company, a corporation, for a period of twenty-five years from September 1, 1913, with a condition that a six-story hotel building would be erected thereon, ready for occupancy by August 21, 1913, for which said hotel company agreed to pay a rental of $1,000 a month. Charles E. Bacon, an architect of Indianapolis, was employed by E and E to draw the plans and specifications and superintend the construction of said building. No general contract was made or let by E and E for the erection of said hotel, but they contracted with various persons, firms and corporations for the material and work that entered into its construction.

The first of these contracts was one between E and E and this appellant, Charles Wacker, purporting to have been made April 15, 1913, for the furnishing of all the material and labor for the erection and construction of all the concrete work, both plain and reinforced, required in the erection of said building. Afterwards other contracts were let for the furnish-

ing of material and labor necessary in the construction of said building, which, for the purposes of this appeal, need not be set out.

It is sufficient to say that most of said contractors filed notices of mechanics' liens on said building for the respective balances claimed to be due them for labor and material furnished and used therein under their respective contracts made with E and E. The Security Trust Company of Indianapolis, trustee, held a first and second mortgage on the ninety-nine year leasehold of E and E for approximately $80,000. The building was not ready for occupancy until in January, 1914, and E and E's rentals did not begin until February 1, 1914. On March 2, 1914, Mr. Bacon, the architect, gave to appellant Wacker a final certificate for $2,275.20, and on the same day issued another certificate for $608.30 for extras. These certificates were presented to appellee Herbert Essex for payment, and he refused to pay them.

Appellant also filed notice of a mechanic's lien on said building, and in a proceeding instituted by Herbert, M. Woolen and Harry C. Callon, partners, he and other lienholders were made defendants. Cross-complaints were filed by such lienholders, and these cases drifted along until there was an application for a receiver for the hotel property. By agreement of the parties, the Security Trust Company agreed to put up an additional $10,000 to pay judgments and cover the outstanding claims, and the liens on said real estate were transferred to said fund. In said proceedings all said claimants and lienholders have been compromised and settled with, except appellant and the appellee the D. V. Reedy Elevator Company.

The appellant, by way of cross-complaint in said proceedings, sought to recover against E and E on his said contract the amount due as shown by the two certificates above referred to as issued to him by said architect, and also a further item of $75 for water rent paid by him for water furnished in the erection of said building. He also sought to foreclose a mechanic's lien.

This cross-complaint was answered by a general denial and by three affirmative paragraphs. The second paragraph, designated a set-off, sets out the terms of the contract with reference to the time for the completing of said work, and alleges a failure on appellant's part to so complete it and damages resulting therefrom, viz., damages resulting from loss of rental for sixty-two days, aggregating $2,066.46. This paragraph also alleges that E and E, on account of such delay, were required to pay said hotel company, as damages resulting to said company from 142 days' delay in the completion of said work, $1,600, and alleges that three-sevenths of said delay was caused by appellant, and that he should pay appellees as damages the further sum of $685, making a total of $2,751.46 asked in said paragraph by way of set-off.

The third paragraph sets up certain defects in the work and material furnished by appellant, and asks, on account thereof, $150 damages by way of set-off.

The fourth paragraph is designated a counter-claim, and it sets out in detail wherein said work was not done in accord with the plans and specifications and wherein it is faulty and defective, and alleges the amount of the damages resulting from each item of such faulty and defective work; that the total dam-

age resulting therefrom is $3,350, and asks for judgment accordingly.

To these answers the appellant filed a reply in general denial and a special reply to said second paragraph of answer, in which he alleges that the delay in the completion of his part of said building was due to the acts, orders and conduct, particularly set out, of E and E and the architect, and by bad weather and strikes of his employes, over which he had no control and for which he was not responsible; that he did his work as fast as he was permitted to do it by E and E. It is also alleged that E and E waived the provisions of article 7 of said contract, hereinafter set out, and assured appellant that the several delays set out in said reply, and causes as therein set out, would in each instance be added to the original time given for the completion of said work, without any written request for such extension.

Upon these issues a trial by the court resulted in a general finding in favor of appellant on his cross-complaint against S. Herbert Essex in the sum of $2,774.70, and a finding for said Essex on the counter-claim of E and E in the sum of $4,210.57. The court further found for Lenora Essex on appellant's cross-complaint, and that she take nothing by her counter-claim. Upon this finding the court rendered judgment that S. Herbert Essex recover of appellant on his counter-claim $1,435.87 and his costs, and that Lenora Essex recover her costs.

A motion for new trial filed by appellant was overruled. This ruling is assigned as error, and in his brief, under the heading "Errors relied upon for reversal," the appellant says that he relies on his first assignment, viz.: "The court erred in overruling ap-

pellant's motion for a new trial." This statement of
the error relied on is immediately followed by a sub-
head as follows: "(a) The decision of the court is
contrary to law."

This statement is followed with the heading "Prop-
ositions and Authorities," under which eight prop-
ositions are stated.

The motion for new trial contains twenty-five sepa-
rate grounds or reasons, but neither of appellant's
propositions is specifically addressed to either of said
grounds, except as above indicated.

It is insisted by appellees, in effect, that appellant,
by said brief, has eliminated all grounds of his mo-
tion for new trial, except that challenging the deci-
sion of the trial court as being contrary to law, and
that his propositions of law, if they can be held to
apply to either of the grounds of such motion, should
at least be limited to the one ground.

Appellant's first proposition is to the effect that
appellant introduced in evidence the architect's final
certificate, showing that there was due him on his
contract the sum of $2,275.20, and an additional cer-
tificate showing that there was due him for extra
work the sum of $608.30; that there was no evidence
showing that such certificates were issued by mistake
or through fraud or collusion; that, in the absence of
such evidence, such certificates were binding on ap-
pellees, and hence that the court should have ren-
dered judgment for their full amount, plus interest
thereon from the date of their presentation for pay-
ment.

It is stated by appellant, in his reply brief, that this
proposition is addressed to that ground of his motion

for new trial which challenges the decision of the trial court as being contrary to law.

It should be observed in this connection that the finding is general, and under the issues the court may have found for appellant in the full amount represented by said certificates and yet have found for appellees in an amount sufficient to justify the judgment rendered.

Assuming, however, without so holding, that the question which appellant suggests in his proposition *supra* is properly presented by his brief, it would avail him nothing. Whether the certificates of said architect were conclusive on appellees as to the acceptance of said work and the amount due thereon depends upon the terms of such certificates and the authority under which they were issued. To bind the owner of the property in such a case, the architect must act within the scope of his authority. *Eigemann* v. *Board, etc.* (1882), 82 Ind. 413; *Niemeyer* v. *Woods* (1903), 175 N. Y. 492, 67 N. E. 1086; 5 C. J. 256.

The certificates in this case each contain the following provision:

"Notice: This certificate is an expression of the architect's opinion and shall at no time be considered as a legal obligation on his part; neither shall same be considered as an acceptance of any work done or materials furnished."

In the contract between appellant and appellees, Bacon is named as the architect, appellant as contractor, and appellee Bert Essex as owner. The plans and specifications are a part of this contract, and specification No. 24 provides:

"Payments will be made on monthly estimates made by the architect, 85 per cent. of the estimate to be paid and the other 15 per cent. to be payable 30 days after the work is fully completed *and accepted by the owner in writing."* (Our italics.)

It follows that said certificates were not conclusive upon appellees, and when we look to the evidence we find that appellant admitted an error in said certificates of $18. There was also evidence, which seems not to have been disputed, that the first two and the last two items enumerated among the extras were not in fact extras. This admitted error and disputed extras aggregate $108.80, and when subtracted from the amount of said certificates a balance of $2,774.70 remains, which is the amount shown by the general finding to have been allowed appellant on his cross-complaint. It follows that the legal principle involved in appellant's first proposition can avail him nothing under the facts of this case.

Appellant's second proposition is to the following effect, viz.: Appellant's work was the first work in the construction of said building. Certain rules 3. of the Indianapolis Water Company require that a water permit for the use of all water to be used in all the work on a building shall be obtained and paid for in advance. Water could not be obtained from any other source, and appellant secured said permit from said water company and paid for it. All water paid for in excess of that used by appellant inured to the benefit of E and E; that this excess amounted to $75. While this item is not included in the extras certified to by the architect, appellant, under the issues, was entitled to an allowance therefor. In

this proposition, it is. insisted that: "The court erred in excluding evidence offered to sustain said facts, viz., the receipt of payment and permit for the use of water, * * * and the rules 1 and 2 of the Indianapolis Water Company fixing conditions upon which permits will be issued * * *."

It is sufficient to say, in answer to this proposition, that: The motion for new trial contains no ground predicated upon the exclusion of either of the items of evidence indicated.

We might add that specification No. 14 of the plans and specifications, made part of the contract upon which appellant's action is based, expressly provides that "the contractor shall furnish the water for the execution of his work," so if any one was obligated to pay appellant for such excess water, it was the other contractors, who used the water and obtained the benefit of his permit.

Proposition 3 is a general proposition to the effect that the provisions of a contract requiring alterations, changes and extra work to be made on written orders, may be waived, etc. Nothing is presented by this proposition. The legal principle involved therein was doubtless recognized by the trial court, because, as we have already indicated, the general finding of the court is such as to indicate that most of the items charged against appellee in appellant's cross-complaint were allowed.

Appellant's fourth proposition is to the effect that the court erred in giving judgment against him for delay growing out of the acts and omissions of appellees.

Again assuming, without so holding, that the question suggested is presented by appellant's brief, it

must be decided adverse to his contention. The contract here involved is what is designated as "The Uniform Contract." Article 7 thereof provides, in part, as follows:

"Should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, of the architect, or of any other contractor employed by the owner upon the work * * * or by combined action of workmen in no wise caused by or resulting from default or collusion on the part of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid which extended period shall be determined and fixed by the architect; but no allowance shall be made unless a claim therefor is presented in writing to the architect within forty-eight hours of the occurrence of such delay."

These provisions, so far as material to the question suggested, are substantially the same as were involved in the case of *Wm. P. Jungclaus Co.* v. *Ratti*, *ante* 84, 118 N. E. 966. What is there said is pertinent and applicable here, and, in effect, disposes of appellant's contention.

It is true, as appellant contends, that there may be a waiver of the provision of such contract requiring a written demand for an extension of time resulting in delay, but whether there was such a waiver is a question of fact to be determined from the evidence in the case, and the decision of the trial court on such question of fact, as

in all questions of fact, is conclusive upon this court where it has any evidence to support it.

Appellant's proposition 5 is to the effect that the court erred in *treating* as an element of appellees' damages a certain sum paid by them to the Meridian Hotel Company based upon that company's loss resulting from the delay in giving it possession of said building. Assuming, without so holding, that such item was not a proper element of damage, this court cannot know what the trial court *treated* as damages. If it was appellant's purpose to challenge the admission of evidence of this character, his brief wholly fails to present such question.

The grounds of appellant's motion for new trial from 9 to 21, inclusive, each respectively challenges the action of the trial court in excluding a particular contract entered into between appellees and some one of the various other contractors who aided in the construction of said building.

Appellant's sixth proposition is to the effect that the court erred "in excluding evidence of subsequent contracts made by appellee Essex with other contractors, covering the other parts of the work of the erection of the building."

We assume that this proposition is intended to challenge the several separate rulings of the trial court covered by said grounds 9 to 21 of appellant's motion for new trial. Without holding 6. that the question attempted to be presented by such separate grounds of the motion for new trial are properly presented by appellant's brief, we think it safe to say that no error resulted from the exclusion of said evidence.

Appellant's brief does not indicate wherein his

rights under his contract could have been affected by the contracts entered into between appellees and such other contractors.

What we have said in our disposition of the above propositions, in effect, disposes of those remaining, and we deem it unnecessary to give them separate consideration.

Appellant's brief presents no reversible error, and our examination of the record and evidence convinces us that he had a fair trial. The judgment below is therefore affirmed.

NOTE.—Reported in 119 N. E. 466. See under (1) 5 C. J. 256, 9 C. J. 775; (2) 9 C. J. 775; (4) 9 C. J. 888. Conclusiveness of architect's certificate, note 56 Am. St. 314. Conclusiveness of an architect's decision under working contract, 10 Ann. Cas. 575; Ann. Cas. 1913A 180.