## PHILLIPS *v.* GREEN STREET CORPORATION ET AL.

[No. 20,679. Filed June 13, 1968. Rehearing denied July 16, 1968. Transfer denied September 25, 1968.]

*Paul H. Frazier* and *Hall, Frazier & Crokin,* of Indianapolis, for appellant.

*John C. Stark, Elisabeth M. Daily* and *Henderson & Stark,* of counsel, and *Joseph C. Wallace,* all of Indianapolis, for appellees.

PFAFF, J.—This is an action brought by the appellant, Lawrence Phillips, against the appellees, Green Street Corporation and the Brownsburg State Bank, to foreclose a mechanic's lien. The appellee, Russell P. Wurster, d/b/a Wurster and Wurster Builders, intervened in this action and, as a general contractor, filed a counterclaim for breach of contract against the appellant, a subcontractor.

The issues were formed by appellant's second amended complaint to foreclose a mechanic's lien and the answer thereto. The appellee, Green Street Corporation, admitted ownership of the real estate in question. The appellees, Green Street Corporation and Brownsburg State Bank, denied that the work by the appellant was done under their direction and with their consent. They also denied that the appellant had agreed to do the masonry work in laying up the walls of the bank building approximately 46 feet by 80 feet.

The appellee, Russell P. Wurster, d/b/a Wurster and Wurster Builders, filed a counterclaim for breach of contract, alleging that the appellant had failed to perform labor in accordance with the plans and specifications, and the directions and instructions of the appellee Wurster and the architect. These allegations were denied by the appellant.

Trial was had to the court, and the court entered judgment against the appellant on his complaint to foreclose a mechanic's lien, and found in favor of the appellee, Russell P. Wurster, d/b/a Wurster and Wurster Builders, on its counterclaim for breach of contract. The amount of the judgment against the appellant was in the sum of $217.84 and costs taxed at $40.10.

In rendering said judgment, the court also entered the following special findings of fact and conclusions of law:

"1. That defendant Green Street Corporation is, and at all times during the construction of the building on the real estate covered by the notice of intention to hold

mechanic's lien filed by plaintiff was, the owner of such real estate, more particularly described as follows:

A part of Lots 1 and 8 in Block 3, in the original Town of Brownsburg, Hendricks County, Indiana.

"2. That defendant Brownsburg State Bank is a lessee of defendant Green Street Corporation under a lease covering the above described real estate.

"3. That defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, entered into a contract during June, 1963, with defendant Green Street Corporation, under the terms of which said Russell P. Wurster, d/b/a Wurster and Wurster Builders, agreed to act as general contractor for the construction, in two stages, of a building on the above described real estate for said Green Street Corporation in accordance with plans and specifications prepared by Courtenay Paul Macomber, the supervising architect for such construction.

"4. That plaintiff and defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, entered into a contract during June, 1963, under the terms of which the plaintiff agreed to furnish all materials and perform all labor necessary for the masonry work in connection with the construction of the building owned by defendant Green Street Corporation in accordance with plans and specifications prepared by Courtenay Paul Macomber for an agreed price of $14,700.00.

"5. That neither defendant Green Street Corporation nor defendant Brownsburg State Bank agreed or consented to any contract between plaintiff and defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders.

"6. That plaintiff and defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, agreed upon certain additions to the contract price in the aggregate sum of $195.00, comprised of a brick allowance of $120.00 and $75.00 for fireproofing a night depository.

"7. That 21,330 bricks, 11,166 blocks, miscellaneous lintels, 247 lineal feet and one replacement piece of cut limestone were required for the masonry work in connection with the construction of both stages of the building.

"8. That plaintiff failed to follow the plans and specifications in the prosecution of his work on the east wall

of the building, delayed the progress of construction work by his repeated failures to perform masonry work on the first stage of the building as scheduled or requested by the architect and defendant, Russell P. Wurster, d/b/a Wurster and Wurster Builders, demanded to do masonry work at times which were not in accordance with trade practices and which would have caused undue and extra expense to said defendant as the general contractor, and failed to submit a progress schedule for his masonry work on the second stage of the building as requested by the architect through the general contractor.

"9. That defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, discharged plaintiff on October 22, 1966.

"10. That prior to the discharge of plaintiff by defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, said defendant furnished materials and performed labor in connection with a ledger plate for the plaintiff, said work having a reasonable value of $40.00, and plaintiff performed labor at the request of said defendant in relaying an east wall of the building, said labor having a reasonable value of $53.40, thereby making an adjusted contract price of $14,908.40.

"11. That, at the time of his discharge, plaintiff had furnished 7,403 blocks, 13,000 bricks, miscellaneous lintels and 144 lineal feet of cut limestone, performed all labor necessary for the completion of the first stage of the building, covering 52 feet by 46 feet and being the east part thereof, except for the cleaning of bricks and certain caulking work, and had materials, consisting of 842 blocks and 4,312 bricks, on the job site to be used for masonry work on the second stage of the building.

"12. That defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, engaged M. Mostow and Company, Inc., as masonry contractor, to complete all masonry work on the building and said contractor was paid the reasonable sum of $5,376.05 for furnishing 2921 blocks, one piece of cut limestone and miscellaneous lintels and performing all labor necessary for laying 3,763 blocks, 8,330 bricks, 10 miscellaneous lintels and 103 lineal feet and one replacement piece of cut limestone in connection with masonry work on the second stage of the building, covering 28 feet by 46 feet and being the west end thereof, and for cleaning all brick and completing certain caulking work for both stages of the construction..

"13. That defendants Green Street Corporation and Russell P. Wurster, d/b/a Wurster and Wurster Builders, made payments to plaintiff for labor or to his suppliers for materials ordered by him, consisting of 7,403 blocks, 21,330 bricks, miscellaneous lintels and 247 lineal feet of cut limestone, in the aggregate amount of $9,351.04, and made payment to a supplier of plaintiff for materials not used by him in connection with the construction of the building in the amount of $121.15.

"14. That the amount owed by defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, to plaintiff was $60.16, such sum being the difference between the adjusted contract price of $14,908.40 less $5,376.05 paid to complete the masonry and the payments to or for the benefit of plaintiff in the amount of $9,472.19.

"15. That defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, incurred extra costs and suffered special losses because of plaintiff's acts and omissions in the following amounts:

| Description | Amount |
| --- | --- |
| Labor in tearing down east wall (3 hours of Mr. Wurster's time at $8.00 per hour plus 5 1/2 hours of two men at $4.00 per hour) | $ 68.00 |
| Loss of time due to Mr. Phillip's failure to prosecute work between June 29, 1963, and July 8, 1963, (Foreman—40 hrs. at $4.25 per hour) | |
| Extra meetings with Architect on August 9, 1963, and on October 19, 1963 (5 hours of Mr. Wurster's time at $8.00 per hour) | 40.00 |
| TOTAL | $278.00 |

"Upon said facts the Court states the following conclusions of law:

"1. That defendant Brownsburg State Bank, as the lessee of defendant Brownsburg State Bank, is not a proper party to these proceedings.

"2. That the contract between plaintiff and defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, was based upon and incorporated the plans and specifications of the general contract between defendants

Russell P. Wurster, d/b/a Wurster and Wurster Builders, and Green Street Corporation.

"3. That plaintiff's acts and omissions constituted a material breach of his contract with defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders.

"4. That the proper measure of the reasonable value of the materials and labor furnished by plaintiff is the contract price, as adjusted, less the cost of completion and the special damages, suffered by defendants as a direct result of plaintiff's material breach.

"5. That plaintiff is not entitled to a mechanic's lien nor to recover upon his complaint.

"6. That plaintiff is not entitled to reasonable attorneys' fees under Ind. Anno. Stat. § 43-707 (Burns' 1965).

"7. That the law is with the defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, and such defendant is entitled to a judgment on his counterclaim in the amount of $217.84 as damages plus his costs in this cause.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that defendant Russell P. Wurster, d/b/a Wurster and Wurster Builders, recover the sum of $217.84 of and from plaintiff, Lawrence Phillips, together with the costs of this action herein made and taxed at $40.10."

Appellant then filed a motion for new trial, which was subsequently overruled, and this appeal followed. Grounds of the motion for new trial are:

1. The decision of the Court is not sustained by sufficient evidence.

2. The decision of the Court is contrary to law.

3. Error of law occurring at the trial, as follows:
   (a) The Court erred in admitting defendant's Exhibit "U".

Appellant, in his brief, supports assignments of error numbered 1 and 2 by one argument. Briefly stated, appellant contends that his acts did not constitute a material breach

of the contract in question, and even if they did, said breach was waived by the appellee Wurster by the acceptance of defective performance.

> "It has been declared that at law, time is of the essence of a contract, and performance is required at the day, or the consequences of default may follow. However, time is not always of the essence, at least where not made or regarded as so by the parties. Moreover, time is not regarded in equity as of the essence of the contract unless it affirmatively appears that it was so regarded by the parties. Although time cannot be made essential in a contract merely by so declaring if it would be unconscionable to allow it to be so, equity will regard time as of the essence where, from the express language employed or by necessary implication and the surrounding circumstances, it appears that the parties have made time of the essence of the agreement." 6 I.L.E., *Contracts*, § 161, p. 205; *McClellan v. Coffin et al.* (1884), 93 Ind. 456, 458.

It has also been established that "A contract can not be isolated, and construed without regard to the circumstances under which it was made". *The Indiana, Bloomington and Western Railway Co. v. Adamson et al.* (1888), 114 Ind. 282, 287, 15 N. E. 5; *Super. Trailer Mfg. Corp. v. J. W. Scatterday, Inc.* (1963), 243 Ind. 473, 185 N. E. 2d 417.

Whenever time is found to be of the essence in a building contract, an unexcused delay in performance constitutes a material breach of the contract. Restatement, *Contracts*, § 276, p. 406; 6 Williston on Contracts (3rd Ed.), § 849, p. 198.

The court, in the case at bar, as evidenced by the special findings of fact and conclusions of law, found that appellant breached the contract by his repeated failure to perform the masonry work as scheduled and as specified. It is well settled that "It is only where the evidence is without conflict and can lead to but one conclusion,

and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Christiansen v. Hockema et al.* (1962), 133 Ind. App. 417, 420, 181 N. E. 2d 786.

An examination of the evidence discloses that the trial court was justified in finding that time was of the essence in the contract in question and that appellant's acts constituted a material breach of said contract.

Appellant next contends that even if there was a breach of the contract in question, said breach was waived by the appellee Wurster.

Waiver has been defined as follows:

". . . an intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it." *Shelt v. Baker* (1923), 79 Ind. App. 606, 616, 137 N.E. 74, 138 N.E. 93 (transfer denied). *Conner v. Fisher* (1964), 136 Ind. App. 511, 516, 202 N.E. 2d 572.

The determination of whether or not there has been a waiver of a contract provision is ordinarily a question of fact. *Shelt v. Baker, supra; Wacker v. Essex* (1918), 67 Ind. App. 584, 593, 119 N. E. 466.

In Restatement, *Contracts*, § 300, p. 444, it is stated:

"Acceptance of a defective performance of a condition or promise does not operate as an assent to receive further similar performance except where successive acceptances of such performance justify the belief that performance of that character is satisfactory, and induced thereby the party rendering performance materially changes his position."

The record in the case at bar discloses that repeated objections to the deviation and delays in performance were con-

veyed to the appellant by the appellee. It is the opinion of this court that the trial court was justified in finding that appellee did not waive the breach of contract.

Appellant also contends that the trial court, in its special findings of fact numbered 8, did not find that appellant's actions amounted to a breach of contract, a finding which is necessary to sustain the judgment. However, appellant does admit that the court in its conclusions of law stated that appellant's acts and omissions did constitute a material breach of his contract with the appellee Wurster.

The court's special finding of fact numbered 8 reads as follows:

"8. That plaintiff failed to follow the plans and specifications in the prosecution of his work on the east wall of the building, delayed the progress of construction work by his repeated failures to perform masonry work on the first stage of the building as scheduled or requested by the architect and defendant, Russell P. Wurster, d/b/a Wurster and Wurster Builders, demanded to do masonry work at times which were not in accordance with trade practices and which would have caused undue and extra expense to said defendant as the general contractor, and failed to submit a progress schedule for his masonry work on the second stage of the building as requested by the architect through the general contractor."

In *Kelly, Glover & Vale v. Heitman* (1943), 220 Ind. 625, 631, 44 N. E. 2d 981, which is relied upon by appellant, the court stated:

". . . In determining whether conclusions of law are supported by a special finding of facts, it is necessary to bear in mind the rule that a special finding, like a special verdict, a series of instructions, or the like, must be considered as a whole and it cannot be dissected into fragmentary parts and successfully assailed in detail. One part may be considered in

connection with other connected parts, or parts referring to the same transaction, and if, taken as a whole, the finding legitimately supports the judgment, it will be upheld. And in determining whether the judgment is thus supported all intendments or presumptions are in favor of the finding rather than against it" (citing authorities).

See also: *Bodkin v. Edgcomb* (1964), 136 Ind. App. 161, 198 N. E. 2d 771; *Jones et al. v. Greiger, Trustee etc. et al.* (1960), 130 Ind. App. 526, 166 N. E. 2d 868.

In the instant case, all the facts necessary to support the conclusions of law that appellant had breached his contract are stated in the findings of fact, i.e., appellant's contract with appellee Wurster was based on the plans and specifications, and appellant failed to comply with such plans and specifications and the conditions thereof.

It is the opinion of this court that the special findings of fact legitimately support the judgment.

Appellant's next point of contention is that the trial court erred in admitting over his objection defendant (appellee) Wurster's "Exhibit U". Said exhibit is a letter from the architect to appellee Wurster, a duplicate of which was mailed by appellee Wurster to the appellant. The pertinent parts of such exhibit are as follows:

"At this time, in order to avoid misunderstanding during the progress of the job, I deem it necessary that the Masonry Contractor present to me before commencing his part of the work, a schedule of days required to complete each phase of his work.

"Phase 1.   Concrete Block Work; from footings to first floor joist bearing.

"Phase 2.   Concrete Block Work; the 18th course.

"Phase 3.   Concrete Block Work; from 18th course to roof joist bearing.

"Phase 4.   Concrete Block Work; the remaining block work from roof joists bearing to the 38th course.

"Phase 5. All Brick Work.

"Phase 6. All limestone work.

"In the event that the schedule of days required to do each phase of the remaining masonry work is not in the hands of the Architect by the time the General Contractor is ready to start the masonry work on the second stage of this building, I will recommend that the Owner relieve this Mason, and that the Owner direct the General Contractor to select another Mason."

Appellant's objection thereto was:

"MR. FRAZIER: I object on the grounds this Exhibit first of all is not the original. The best evidence rule would require the original be obtained. There has been no testimony by this witness that he knew the original was mailed.

"THE COURT: The witness testified it was the original.

"MR. STARK: Your Honor, I believe it to be the original.

"THE COURT: It appears to the Court that the holes in the words have been cut out by the typewriter on this thin sheet that was used as an original, ordinarily the copies do not have the 'o's' cut out. This appears to have been typed as an original on thin paper.

"MR. FRAZIER: The real objection is that it is a self serving document by this witness containing no facts of any sort and again it is a restatement of conclusion. We have no fact to justify the introduction of this document. If the witness wants to testify that something was wrong, he can go ahead and testify to that.

"THE COURT: I am going to admit it for what it is worth, it goes to the weight."

It is not clear from appellant's argument in what respect he contends that the admission of said exhibit was improper, but a careful study divulges that appellant is basing his contention on the hearsay rule.

"The theory of the Hearsay rule is that the many possible deficiencies, suppressions, sources of error and

untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the text of Cross-examination: . . . It is here sufficient to note that the Hearsay rule, as accepted in our law, signifies *a rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of Cross-examination.*" 5 Wigmore, *Evidence* (3d Ed.), § 1362, p. 3.

In the case at bar, the author of "Exhibit U", the architect, testified and was cross-examined by the appellant's attorney as to the contents of the exhibit. It is the opinion of this court the purpose and rationale for the hearsay rule was not undermined by the trial court's overruling of appellant's objection to the admission of said exhibit.

Under assignment of error numbered 2, appellant contends that "The Court erred in refusing to consider the second paragraph of Answer and Counterclaim filed by the plaintiff and in refusing to permit evidence to be heard on the same and in refusing to grant the relief prayed for by the plaintiff in said second paragraph of Answer and Counterclaim".

Under Rule 2-6 of the Rules of the Supreme Court of Indiana, all errors occurring prior to the filing of a motion for new trial must be included therein for review on appeal, or they are deemed waived. *Baker v. State* (1967), 248 Ind. 85, 221 N.E. 2d 432; *Fisher v. State* (1966), 247 Ind. 529, 219 N.E. 2d 818. Appellant did not include in his motion for new trial the above alleged error and under the aforementioned authorities he has waived said allegation.

Based on the authorities cited above and the reasoning stated herein, the judgment is affirmed.

Cook, P.J., Bierly and Smith, J.J., concur.

NOTE.—Reported in 237 N. E. 2d 590.