John H. VAN DE LEUV, M.D.,
Appellant–Plaintiff Below,

v.

METHODIST HOSPITAL OF INDIANA, INC., and Emergency Medical Group, Inc., Appellees–Defendants Below.

No. 29A02–9404–CV–241.

Court of Appeals of Indiana,
Third District.

Nov. 10, 1994.

Rehearing Denied Feb. 23, 1995.

---

John E. Taylor, William K. Boncosky, Sommer & Barnard, P.C., Indianapolis, for appellant.

Frederick Wm. LaCava, M. Scott Parsons, The LaCava Law Firm, Indianapolis, for appellee.

## OPINION

STATON, Presiding Judge.

John van de Leuv, M.D. ("van de Leuv") appeals the trial court's order granting summary judgment in favor of Methodist Hospital of Indiana, Inc. ("Methodist") and Emergency Medical Group, Inc. ("EMGI"). Van de Leuv raises three issues and eight sub-issues for our review, which we consolidate into three and restate as follows:

    I.  Whether a genuine issue of material fact precludes summary judgment as to his breach of contract action against Methodist.

    II.  Whether a genuine issue of material fact precludes summary judgment as to his breach of contract action against EMGI.

    III.  Whether a genuine issue of material fact precludes summary judgment as to his defamation action.

We affirm in part, reverse in part and remand.

### I.

#### Contract with Methodist

On May 1, 1985, van de Leuv and Methodist executed a Physician Agreement which provided in relevant part:

In consideration of the mutual covenants contained herein the Hospital and the Physician agree as follows:

SECTION 1. *Position*

1.1 Subject to the conditions specified herein, the Hospital hereby appoints the Physician, "Director of Emergency Medical Services", and the Physician accepts such appointment.

1.2 As Director, the Physician shall have the duties and responsibilities specified in the Job Description/"Department Head, Emergency Medical Services" which is attached as Exhibit A and made a part hereof.

\*   \*   \*   \*   \*   \*

SECTION 7. *Liquidated Damages*

The parties agree that the termination of this Agreement by either the Hospital or the Physician prior to its expiration without cause or otherwise not in accordance with Section 6 of this Agreement shall constitute a breach of the Agreement. The parties further agree that the injury which would result from such a breach would be significant, but that the damages therefrom would be difficult to compute. Therefore, the Hospital and the Physician agree that the sum of Sixty-three Thousand Three Hundred and No/100 Dollars ($63,300) shall be established as liquidated damages to be paid by the party in breach to the other upon the termination of this agreement in any manner not in compliance with Section 6.

Record, pp. 324–329. The Agreement was to expire April 30, 1986. On or about June 18, 1986, van de Leuv and Methodist executed an amendment to the Physician Agreement which extended the term of the May 1, 1985 Physician Agreement through and including February 28, 1987.

In July or August 1986, Methodist appointed George Rodman to the position of Department Head, Emergency Medical Services, and Rodman assumed the duties and responsibilities of that position. Meanwhile, van de Leuv assumed the duties of Medical Director of. Emergency. It is undisputed that upon Rodman's appointment, van de Leuv's responsibilities and duties changed; however, his salary and benefits did not. Van de Leuv continued to work for Methodist in the role of Medical Director until the expiration of the agreement.

■ Methodist contends first there was no breach of the Physician Agreement because van de Leuv's employment continued after his responsibilities changed. A close reading of the Physician Agreement reveals that it is the termination of the Agreement, rather than the termination of van de Leuv's employment, that invokes the liquidated damages provision therein. Despite the fact that van de Leuv continued to receive the same salary and benefits provided in the Agreement, he was not permitted to perform the duties and responsibilities originally assigned him. Whether this constitutes a termination of the Agreement, and thus is a breach thereof, is a question of fact, making summary judgment inappropriate. *See Tomahawk Village Apartments v. Farren* (1991), Ind.App., 571 N.E.2d 1286, 1293 (whether a party has materially breached an agreement is a question of fact).

■ Methodist argues, in the alternative, that van de Leuv's conduct of performing his new duties and accepting the salary constitutes a waiver of any claim of breach of contract. We do not agree. Waiver is an intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it. *Indianapolis v. Twin Lakes Enterprises* (1991), Ind.App., 568 N.E.2d 1073, 1077, *trans. denied.* The burden to prove this defense is on the party who claims it. *Id.* Whether there has been a waiver of a contract provision is ordinarily a question of fact. *Phillips v. Green Street Corp.* (1968), 143 Ind.App. 30, 38, 237 N.E.2d 590, 595, *trans. denied.* In the Restatement, Contracts, § 300, p. 444, it is stated:

Acceptance of defective performance of a condition or promise does not operate as an assent to receive further similar performance except where successive acceptances of such performance justify the belief that performance of that character is satisfactory, and induced thereby the party rendering performance materially changes his position.

*See also Phillips, supra.*

■ Methodist, the party with the burden of proof on the issue of waiver, has alleged no

facts showing how it has changed its position on the basis of van de Leuv's conduct. We cannot say as a matter of law whether van de Leuv's conduct operated as a waiver of his right to bring this breach of contract action.[1] Too, van de Leuv testified in his deposition that he continued working after his responsibilities changed because he had to make money to support his family. Whether van de Leuv waived his right to a breach of contract claim is a question for the fact-finder.

## II.

### *Contract with EMGI*

On March 1, 1987, van de Leuv entered a one year agreement to perform professional medical services for EMGI ("Professional Services Agreement"). The Professional Services Agreement provided that van de Leuv would be paid $140,000 per year and would receive $90 for each clinical hour provided to EMGI in excess of 480 clinical hours during each six month period. By oral agreement, the Professional Services Agreement was continued for successive periods through and including February 1990, with two relevant modifications. In early 1988, EMGI and van de Leuv orally agreed to increase van de Leuv's salary to $175,000. Additionally, van de Leuv was given extra voluntary shifts which resulted in his receiving additional income.

In early 1989, EMGI presented to van de Leuv a proposed addendum to the Professional Services Agreement ("Addendum"), to go into effect in 1990, the terms of which provided that (1) van de Leuv's salary would be decreased to $140,000 per year, and (2) van de Leuv would not be permitted to work extra voluntary shifts. Van de Leuv did not sign the Addendum, but he performed his duties in accordance with the terms thereof. Van de Leuv contends that EMGI breached the Professional Services Agreement when it reduced his salary to $140,000 and denied him the opportunity to work extra shifts.

The Professional Services Agreement, signed by both EMGI and van de Leuv, provided in relevant part:

2. *Term.* The term of this Agreement shall commence on March 1, 1987, and shall extend until February 29, 1988, unless earlier terminated in accordance with the terms of this Agreement. However, this Agreement may be continued for an additional period provided that an annual review of Physician's physical and mental health and his performance of professional services under the terms of this Agreement are deemed satisfactory in the opinion of EMGI.

\*   \*   \*   \*   \*   \*

14. *Modification and Entire Agreement.* No modification, amendments, extension or alleged waiver of this Agreement or any provision thereof will be binding upon a party hereto unless in writing and signed by such party or a duly authorized officer of such party. This Agreement constitutes the entire arrangement between EMGI and Physician, and supersedes and replaces all prior agreements and understandings, written or oral, relative to the subject matter of this Agreement.

Record, pp. 367–73.

EMGI argues first that van de Leuv's action fails as a matter of law because the terms of the Addendum are consistent with those in the written Professional Services Agreement. According to EMGI, any oral modifications entered by the parties cannot form the basis of a breach of contract action because the written contract stated that any modification must be in writing to be enforceable.

■ Even a contract providing that any modification thereof must be in writing may nevertheless be modified orally. *Twin Lakes Enterprises, supra* at 1084–1085. The evidence most favorable to van de Leuv supports the theory that the parties orally modi-

---

**1.** We recognize that in *Jackson v. DeFabis* (1990), Ind.App., 553 N.E.2d 1212, 1217, this court opined that "while the existence of facts necessary to constitute a waiver of a contract provision is ordinarily a question of fact, the question of the facts necessary to constitute a waiver is a matter of law." However, as noted above, there remains a question of fact as to whether van de Leuv's conduct induced Methodist to change its position.

fied the Professional Services Agreement when they agreed to increase his salary to $175,000. EMGI's proposed Addendum was therefore an attempt to modify their oral agreement as to van de Leuv's salary. Too, van de Leuv alleges in an affidavit that the oral agreement was amended to increase the number of extra shifts which would be made available to him. EMGI is not entitled to judgment as a matter of law.

▉ EMGI also contends that van de Leuv breached the contract himself by delivering substandard medical care. EMGI relies on (1) peer review material, (2) an admission by van de Leuv in his deposition that the care he gave a particular patient was not adequate, and (3) evidence that van de Leuv failed to refer a child who was an apparent victim of sexual molestation to Children's Protective Services as required by statute.[2] According to EMGI, this evidence justifies termination pursuant to the following provisions in the Professional Services Agreement:

3. *Services*

\* \* \* \* \* \*

Physician shall comply with and assist the Hospital in complying with all applicable laws, rules and regulations of governmental authorities....

\* \* \* \* \* \*

8. *Termination.* This Agreement shall terminate upon the occurrence of any of the following events:

\* \* \* \* \* \*

b. At the option of EMGI, and at any time during any term of this Agreement upon Physician's failure to perform any of his duties or obligations under this Agreement....

Record, pp. 367, 370.

Even if van de Leuv's failure to report the case of suspected child molestation invoked the termination provision identified above, we cannot conclude that his right to bring this breach of contract action is precluded as a matter of law. While EMGI relies on this termination provision, it is undisputed that it did not, in fact, assert its right to terminate pursuant thereto. Rather, EMGI attempted to enter a modification of the contract (i.e., the Addendum), thereby treating the Professional Services Agreement as continuing to be in force. The effect of EMGI's treatment of the Agreement in light of allegations against van de Leuv is a question for the trier of fact.

Finally, EMGI argues that van de Leuv's performance in accordance with the terms of the Addendum operated as a waiver of his right to bring this breach of contract action. As discussed under section I, *supra,* this is a question of fact precluding summary judgment.

## III.

### *Defamation*

After van de Leuv tendered his resignation to Methodist and EMGI in 1990, he sought employment with other emergency departments in different hospitals. In early 1990, a Dr. Johnson, the Director of the Emergency Departments for both Goshen General Hospital and Elkhart General Hospital, contacted physicians from Methodist and EMGI to obtain references for van de Leuv. According to Dr. Johnson, the doctors at Methodist and EMGI told him that van de Leuv "had inadequate clinical skills and had difficulty associating with the Methodist emergency staff." Record, p. 157. Because of these comments, van de Leuv brought an action for defamation. The trial court granted Methodist and EMGI's motion for summary judgment on this issue.

▉ In support of the trial court's order, Methodist and EMGI argue that summary judgment is appropriate because their communications to Dr. Johnson fall within the purview of qualified privilege[3]:

---

**2.** *See* IND.CODE 31–6–11–3 (1993).

**3.** Alternatively, Methodist and EMGI argue that they are immune from van de Leuv's defamation claim pursuant to Indiana Code 34–4–12.6–3(b) (the "Peer Review Act"). Because we conclude that summary judgment was appropriate based on qualified privilege, it is unnecessary to address this argument.

[Qualified] privilege applies to communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral or social, if made to a person having a corresponding interest or duty.

*Schrader v. Eli Lilly & Company*, Ind., 639 N.E.2d 258, 262. It is well settled that an employee reference given by a former employer to a prospective employer is protected by this privilege. *Chambers v. American Trans. Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 615, *trans denied.* Moreover, absent a factual dispute, whether a statement is protected by a qualified privilege is a question of law. *Id.*

■ The affidavits submitted by both parties support the conclusion that the alleged defamatory statements, given in the context of an employment reference, are clothed with qualified privilege. However, a statement may lose its privileged character upon a showing of abuse, that is: 1) in making the statement, the communicators were primarily motivated by ill will; 2) the defamatory statements were excessively published; or 3) the statements were made without grounds for belief in their truth. *Schrader, supra,* at 262. The plaintiff has the burden of demonstrating that qualified privilege has been abused. *Id.*

■ Van de Leuv contends that a factual dispute remains as to whether the doctors from Methodist and EMGI were motivated by ill will in making the statements, thus precluding summary judgment. Van de Leuv designated no evidence to the trial court to support this contention.[4] Indiana Trial Rule 56(C) requires a party opposing a motion for summary judgment to designate each material issue of fact relied upon to preclude entry of summary judgment and the evidence relevant thereto. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431,

434. This court cannot reverse an entry of summary judgment unless the material fact and the evidence relevant thereto were specifically designated to the trial court. *Id.*; Ind.Trial Rule 56(H).

Because van de Leuv failed to designate evidence demonstrating a genuine issue of material fact regarding abuse of qualified privilege, and the challenged statements were otherwise privileged as a matter of law, we affirm the trial court's entry of summary judgment in favor of Methodist and EMGI on this issue.

Affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent with this opinion.

GARRARD and RILEY, JJ., concur.

---

4. Van de Leuv submits he was denied an opportunity to obtain any evidence to support his claim because Methodist and EMGI refused to provide the relevant answers to his discovery requests, asserting immunity and confidentiality under the Peer Review Act. *See* I.C. 34–4–12.6–3(b); I.C. 34–4–12.6–2. However, van de Leuv failed to include in the record or otherwise designate these unanswered discovery requests, nor did he include any other evidence in the record to support his claim.