J. F. CANTWELL COMPANY *v.* HARRISON ET AL.

[No. 14,327. Filed March 30, 1932. Rehearing denied July 28, 1932. Transfer denied December 9, 1932.]

*Featherngill & Drybread* and *Karabell, Lipman & Powell,* for appellant.

*John Browder* and *Fred Owens,* for appellee.

LOCKYEAR, J.—This was an action brought by the appellees against the appellant to recover the sum of $3,000 for damages for the alleged refusal of the appellant to assist the appellees to obtain a loan on a certain tract of real estate in Marion County, Indiana, which was at that time occupied by the appellees under and by virtue of a conditional-sales contract entered into between the appellant and the appellees, by the terms of which the appellees covenanted and agreed to pay the appellant $7,000, of which $1,580 was paid at the time of the execution of the contract, and with the further stipulation that the balance was to be paid in installments of not less than $55 per month, with 7% interest per annum, together with taxes and municipal improvements, and in the event of the failure or default of such appellee to make any such payments or any part thereof or to perform any of the covenants or agreements on their part to be performed, then the contract and all rights of the appellees shall, at the election of the appellant and on 30 days' written notice mailed to the appellees, cease and determine the contract. It was provided that the appellant was given the right to the possession of the real estate and the amount paid shall be retained by the appellant as compensation for the use and occupancy of the premises and in full satisfaction of, and in liquidation of, all damages by it sustained on account of appellees' breach of said contract.

The appellant filed a cross-complaint alleging that the appellees had failed to make the payments as provided in the contract and asked for possession of the real estate.

The cause was tried before the court without a jury

and the court found for the appellant on its cross-complaint, and that it was entitled to possession of the real estate described in the complaint, on the payment by the appellant to the appellee, or the clerk of the trial court, of the sum of $1,655.25, less the sum of $100 attorney's fees for appellant's attorney, and that the appellant recover costs of the appellees.

Judgment was rendered in harmony with said finding.

The theory of the appellees' complaint was that they were entitled to recover on account of some promise made to them by the appellant to secure a loan on the real estate. A careful reading of the evidence shows that the appellant did try to aid the appellees to secure such a loan, but what was done was a mere gratuity, and there is no stipulation in the original contract of sale of the real estate that appellant was to secure a loan and any promise to do so was without any consideration other than an effort on the part of the appellant to assist the appellees to meet their obligations under the contract; and moreover, the court found against the appellees on their complaint.

The evidence shows that the appellees were delinquent in their payments and that the appellant had given the notice required by the contract, and the finding of the court is that the material allegations of the appellant's cross-complaint have been proven and that it is entitled to possession of the real estate.

The finding and judgment of the court seems, to be that, although the appellees have defaulted in their payments, the appellant, in taking possession, is obliged to refund some part of the payments that have been received by the appellant under the contract.

The appellant filed a motion for a new trial on the ground that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellant also filed a motion to modify, correct, and amend the finding and judgment and strike therefrom the following words and figures: "On the payment to the said Harrison and Harrison or the clerk of this court the sum of $1,655.25" and "On the payment of said sum of $1,655.25, less the sum of $100 as attorney's fees of said Cantwell and Company" for the reason that each of said portions of said finding and judgment is not within the issues, and that the finding and judgment be amended and corrected by inserting therein a description of the real estate to the possession of which it is found said appellant is entitled.

The court overruled the motion for a new trial and also the motion to modify the judgment, and each of said rulings are assigned as error in this appeal.

The law is well settled in this state that where a contract for the sale of realty expressly stipulated that, in the event of purchaser's default in paying further installments, the installments already paid should be forfeited to the vendor as rental for the realty and as liquidated damages for breach of the contract, the purchaser cannot, after default in paying subsequent installments, recover those already paid. *Krisky* v. *Bryan* (1916), 63 Ind. App. 611, 115 N. E. 70; *Miller et al.* v. *Fletcher Savings and Trust Co. et al.* (1921), 78 Ind. App. 183, 133 N. E. 174.

We hold that this is a conditional-sales contract and is not a mortgage to secure a debt, and that, since the terms of the contract provide that the appellant shall have the right to retain the payments paid and that the improvements made upon the real estate become a part thereof, part of the judgment granting possession on condition that the appellant repay to the appellee the sum set out is erroneous.

The judgment is reversed with instructions to the court to modify the judgment by striking therefrom the

words "On the payment to the said Harrison and Harrison or the clerk of this court the sum of $1,655.25," and that the judgment be amended and corrected by inserting therein a description of the real estate to the possession of which it is found said appellant is entitled, in harmony with this opinion.