CONNER *v.* FISHER.

[No. 20,036.   Filed December 4, 1964.]

*R. Ronald Calkins,* and *Coates, Hatfield & Calkins,* of Indianapolis, for appellants.

*Thomas E. Garvin,* of Indianapolis, for appellee.

KELLEY, P. J.—Appellants duly instituted this action in Room 5 of the Superior Court of Marion County against appellee seeking cancellation of a conditional sales contract for the sale of certain real estate in the city of Indianapolis, possession of said real estate, and damages for the withholding thereof.

The complaint, in material substance, alleges that on April 11, 1960, appellants and appellee entered into a written contract, by the terms of which appellants agreed to sell and appellee agreed to buy said real estate at and for a consideration of $15,500.00, payable $1900.00 cash in hand, and $130.00 per month, on the 11th day of each successive month, beginning May 11, 1960, with six per cent (6%) interest, computed semi-annually, in advance, on January 1 and July 1, upon the unpaid sum at the beginning of each six months period; that appellee paid appellants in accordance with the terms of the contract to and including the payment due September 11, 1960; that appellee failed and refused to pay the payments due under the contract on

October 11, November 11 and December 11, 1960; that the contract provides that appellants may cancel the contract and take possession of the real estate, without notice, if appellee "becomes delinquent for a period of sixty days"; that said contract also provides that failure of appellee to make the monthly payments when due entitled appellants to retain the payments made as "liquidated damages"; that since October 11, 1960 appellee has held possession of the real estate "contrary to said contract."

Appellee answered the complaint and filed a counterclaim against appellants, the gist of said answer and counterclaim being that subsequent to April 11, 1960 appellee made payments at irregular times and in varying amounts and such payments were "many times" delinquent when paid; that said delinquent payments were received and retained by appellants without complaint as to the delinquency and without serving any notice upon appellee of appellants' intention to insist upon the forfeiture of appellee's rights under the contract; that by accepting said delinquent payments appellants led appellee to "honestly believe that they would not forfeit her rights under the contract" and that by their acts appellants "waived their rights to possession of the real estate" and "it is against equity and good conscience for them to have caused" appellee "to have been ejected from the property . . . when she had paid them over . . . ($2,800.00) . . . between April 11, 1960 and January 6, 1961, the date of her eviction from said premises." Appellants' answer to the counterclaim closed the issues.

Upon trial to the court, the latter found against the appellants on their complaint and that appellee was entitled to recover against appellants on appellee's coun-

terclaim in the sum of $1850.00 and costs. Agreeable judgment followed.

By their overruled motion for a new trial appellants present the specifications thereof that there was error in the amount of recovery in that the amount is too large; the decision is not sustained by sufficient evidence; and that the decision is contrary to law.

The written contract, among other things, provided: "the time of payment shall be of the essence of this contract" and:

"That . . . if any installments of the purchase price or interest thereon, shall become *delinquent for a period of sixty days,* or if the buyer shall fail to observe or perform any other conditions or terms of this agreement, the seller may at his option cancel this agreement, take immediate possession of said real estate and remove the buyer or any other persons therefrom without any notice or demand whatsoever, the necessity therefor being hereby expressly waived; and in the event of such cancellation, all payments theretofore made by the buyer shall be retained by the seller not as a penalty, but as liquidated damages for the breach of this agreement and in such event, all rights and demands of the buyer shall cease and terminate and the buyer shall have no further rights, title, interest or claim of any kind or character in or to the real estate described herein, or the legal or equitable title thereto or any of the benefits provided, under the terms of this agreement. Failure or delay of the seller to exercise any option hereunder at the time of any default shall not operate as a waiver of the right of the seller to exercise such option for the same or any subsequent default at any time thereafter." (Emphasis supplied).

The evidence without conflict shows the amounts and dates of payments made by appellee as follows:

| April 11, 1960 | $1,900.00 | Down payment |
| May 6, 1960 | 130.00 | Principal and Interest |

| | | |
|---|---|---|
| May 13, 1960 | 20.00 | Taxes and Insurance |
| May 20, 1960 | 25.00 | Principal and Interest |
| May 31, 1960 | 25.00 | Principal and Interest |
| June 9, 1960 | 20.00 | Taxes and Insurance |
| June 17, 1960 | 130.00 | Principal and Interest |
| July 12, 1960 | 130.00 | Principal and Interest |
| July 12, 1960 | 20.00 | Taxes and Insurance |
| August 27, 1960 | 80.00 | Principal and Interest |
| August 27, 1960 | 20.00 | Taxes and Insurance |
| September 21, 1960 | 130.00 | Principal and Interest |
| September 21, 1960 | 20.00 | Taxes and Insurance |

Appellee admits that she did not pay the installments in the amounts and at the times provided in the contract, but contends that "appellants herein consistently accepted payments from the appellee at irregular times or intervals and in irregular amounts and permitted the back or delinquent payments to remain unpaid." Appellee then urges that appellants' acceptance of such payments at irregular times and in irregular amounts "waives the provisions of the contract making the time of payment of the essence thereof, and casts upon the . . . appellants herein, the duty to give definite and specific notice to . . . appellee herein that appellants . . . have a present intent to make full use of the forfeiture provisions in the contract, unless the delinquent installments are paid within a specified but reasonable time."

It is admitted by appellants that no such notice was given appellee. Appellants' position is that the payments were made by appellee and accepted by appellants within the "sixty day grace period" provided in the contract and, therefore, appellants cannot be held to have waived the contract provisions or to have been required to give the notice insisted upon by appellee.

The contract acknowledges receipt by appellants of the cash sum of $1900.00 paid by appellee at the time of the execution of the agreement and further provides:

> " . . . and the sum of One Hundred Thirty and - - - - -00/100 Dollars ($130.00) each and every month hereafter until the remainder of purchase price, principal and interest, has been paid in full. The first payment shall be made on or before the 11 day of May, 1960 . . . and like payments shall be made on or before the same day of each succeeding month."

Thus, by the terms of this written contract, each monthly payment became due on the 11th day of the month and, therefore, casting aside any consideration of the legal effect of the 11th day of the month falling on Sunday or a legal holiday, a payment not made on or before the expressed due date, became delinquent. However, by the terms of the agreement, the appellants were legally incapacitated from exercising any option or taking any steps to enforce or rescind the provisions of the contract unless and until the delinquency continued for a period of sixty (60) days from the due date. In other words, the appellee, by the contract, was given a period of sixty (60) days from the date the payment became due within which to make the delinquent payment and thereby avoid any penalty for failure to pay on the due date.

> "A waiver is a voluntary yielding up *of some existing right,* . . . an intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it." (Our emphasis). *Shelt* v. *Baker* (1922), 79 Ind. App. 606, 616, 137 N. E. 74.

It seems but logical to conclude that as a consequence of the said grace period extended to appellee by the

contract, the acceptance by appellants of appellee's payments made within such period fails to warrant the legal imposition upon appellants of a waiver of the contract provisions as to time of payment so as to debar them from enforcement of the contract as written. To hold that appellants' acceptance of payments which, by the terms of the contract, they could not legally refuse, constituted a waiver by them of the contractual requirement of prompt payment, would authorize the appellee to enforce a forfeiture of appellants' contractual rights on the ground that the latter complied with a provision of contract beneficial only to appellee. Such construction, we think, would be grossly inequitable. Further, under such interpretation, the involved contract, we are inclined, could be justly accused of lacking in mutuality.

In effect, the court, in *Clayton* v. *Fletcher Savings & Trust Co.* (1927), 89 Ind. App. 431, on pages 437 and 438, 155 N. E. 539, indicated a like conclusion. In that case the contract for the sale of lots contained the provision that no action thereon could be taken until there was a delay or default of sixty days and then, to give the vendors the right to exercise the option to rescind, a ten days notice was required. It appeared that no personal notice was given. The court in referring to the contract provision, said, in pertinent part:

" . . . if the provision requiring notice of the intention to rescind had been omitted *from the contract,* no notice would have been required, and when an installment became delinquent for a period of sixty days, the right to forfeit the contract under the law would have been absolute, if the parties had not by some act waived their right to declare a forfeiture. If, for instance, it had been their custom and habit to accept payments of purchase price at irregular times and in irregular amounts, *more than ten days after a sixty-day default in paying*

*the installments,* the right to declare a forfeiture of the contract without doubt would have been waived, . . . ." (Emphasis supplied).

It is noted from the above evidentiary schedule of payments as they were made that none was paid to or accepted by appellants subsequent to the expiration of the sixty-day grace period. All, except the defaulted payments due October 11 and November 11, were paid well within the sixty-day grace period.

There appears no contest by appellee of her failure to pay the installments due in October and November, 1960. The defense by appellee was that appellants had waived the contract provisions by the acceptance after due date of payments made at irregular times and in irregular amounts and that, therefore, appellants were required to give appellee personal and definite notice of their intention to declare a forfeiture unless payments were brought up to date and so maintained. We have already determined that the facts made apparent by the herein record fail to establish a waiver by appellants of the contract provisions making the time of payment of the essence thereof.

Ordinarily, when time of payment is of the essence of the contract and there has been a failure to pay at the time named in the contract, and no waiver of such provision, no notice of an intention to cancel or forfeit the contract is required, *Clayton* v. *Fletcher Savings & Trust Co.*, page 437, *supra;* and the purchaser's obligation to pay is not conditioned on demand by the vendor, 25 I. L. E., *Sales of Realty,* §71, note 55, page 328. It has been declared, also, that it is well settled in this state that where a contract for the sale of realty expressly stipulated that, in the event of purchaser's default in paying further installments, the installments already paid should be forfeited to the

vendor as rental for the realty and as liquidated damages for breach of the contract, the purchaser cannot, after default in paying subsequent installments, recover those already paid. See, *J. F. Cantwell Co.* v. *Harrison* (1932), 95 Ind. App. 293, 297, point 2, and cases cited, 180 N. E. 482; 25 I. L. E., *Sales of Realty,* §131, note 67, page 379.

Appellee asserts that the record establishes that appellants "designedly" sought to retain full amount of $2650.00 paid by appellee on the contract by stating that they would not "allow" appellee to sell the property so that she could receive funds for her equity in the property. Appellee cites to no part of the bill of exceptions containing evidence to support said assertion. Even so, our attention is not directed by appellee to the connection, if any, she may deem the asserted "design" of appellants has with the question now before us.

As we view the record, appellee makes no claim that she was not in default in the payments due in October and November, 1960, and thereafter. She makes no attempt to offer a legal excuse for her failure other than to contend that appellants waived the provisions of the contract and failed to give her notice of their intention to rescind.

The failure of appellee to make the October and November, 1960, and subsequent, payments when due under the terms of the contract gave the appellants, we think, the right to proceed as they did. We must, therefore, hold that the judgment appealed from is contrary to law.

The judgment is reversed with instructions to the trial court to grant appellants' motion for a new trial.

Hunter, Mote, Pfaff, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 572.