## DOAN ET AL. *v.* CITY OF FORT WAYNE, ETC.

[No. 768A11. Filed May 19, 1969. Rehearing denied June 19, 1969. Transfer granted November 13, 1969.]

*Ralph R. Blume, Nieter, Smith, Blume, Wyneken & Dixon,* of Fort Wayne, for appellants.

*J. Robert Arnold,* Fort Wayne City Attorney, *Robert E. Myers,* Fort Wayne Associate City Attorney, for appellees.

PFAFF, C. J.—This action arose pursuant to the attempted annexation of a territory of land by the appellee, the City of Fort Wayne, Indiana. In opposing this procedure under a special annexation ordinance of the appellee, appellants filed a written remonstrance against said proposed annexa-

tion as provided by Acts 1905, ch. 129, § 243, p. 219, as last amended by Acts 1955, ch. 269, § 3, p. 720, the same being Burns' Ind. Stat. Anno., § 48-702 (1963 Repl), which reads in pertinent part as follows:

"Remonstrances against annexation—Procedure—Fire protection and other services—Agreement for or court action in regard to—Whenever territory is annexed to a city whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent (75%) in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated or with the judge thereof in vacation, within thirty (30) days after the last publication provided for in section 242 (§ 48-701); such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section. In determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one (1) person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner. Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty (60) days thereafter. Notice of such proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other cases. The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judg-

ment upon the question of such annexation according" to the evidence which either party may introduce. Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

"(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

"(b) The area is urban in character, being an economic and social part of the annexing city.

"(c) The terms and conditions set forth in the ordinance are fair and just.

"(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

"(e) The area sought to be annexed, if underdeveloped, is needed for development of the city in the reasonably near future.

"(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality.

"If the judge of the court shall find that the primary determinants enumerated above apply to the annexation, it shall take place notwithstanding the remonstrance and notwithstanding, further, the provisions of any other statute of this state. If, however, the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place. . . ."

Thereafter, it became the duty of the Allen Superior Court, Room No. 3, to determine whether the remonstrance met the statutory requirements necessary to block the proposed annexation.

All of the parties stipulated in writing to the pertinent facts and the court rendered its decision thereon denying the remonstrance. The findings of the court were as follows:

"1. That at the time of the filing of the Remonstrance there were 492 parcels of land in the area covered by the annexation ordinance.

"2. That the owners of 75.6% or 372 parcels of the 492 parcels signed the Remonstrance.

"3. That the rights to remonstrate against annexation were waived by the owners of 131 of the parcels of land, who signed the Remonstrance.

"4. That the right to remonstrate against annexation were waived by the developers of an additional 113 parcels of land, the present owners of which signed the Remonstrance, which waivers were incorporated in instruments which were duly and properly recorded except one instrument affecting 15 of the 113 parcels which was not recorded.

"5. That the right to remonstrate was waived in instruments duly recorded by the predecessors in title of the owners of an additional 37 parcels of land covered by the annexation ordinance who signed the remonstrance.

"6. That the present owners of 3 parcels of land who signed the Remonstrance had previously waived their rights to remonstrate in instruments signed individually.

"7. That the waivers, as set forth above, except as to the 15 parcels affected by the instrument which was not recorded, are valid waivers and therefore cannot be counted in determining whether sufficient signatures were affixed to the Remonstrance to establish a valid Remonstrance.

"8. That there remains valid and effective signatures by the owners of 103 parcels out of the 492 parcels included in territory covered by the annexation *ordinance*.

"9. That 103 parcels constitute lsss than 50% of the 492 parcels in the territory annexed."

The appellants' motion for new trial, which was overruled, alleged therein that the decision of the court was contrary to law and, further, that said decision was not sustained by sufficient evidence.

Appellants first contend that it was incumbent upon the trial court, as provided by statute, to determine whether the remonstrance contains the signatures of a majority of the owners of the land or territory which is sought to be annexed, or by the owners of more than seventy-five per cent (75%) of the assessed valuation of the real estate in such territory, and that the evidence submitted fulfills the statutory requirements as set out in Burns' § 48-702, *supra*. Appel-

lants urge that the undisputed evidence and the stipulations of the parties conclusively show that the remonstrance met the statutory requirements.

The record on its face would indicate that the appellants did meet the requirements of the statute. However, the record discloses by the stipulation of facts that the owners of some 131 parcels of land within the territory to be annexed, which owners had signed the remonstrance, had waived the right to remonstrate to future annexations by the appellee city in prior agreements between certain appellants and the appellee. Therefore, even though a majority of the landowners had signed the remonstrance, the court found that the 131 signatures could not be counted in determining the number of valid signatures on the remonstrance. Therefore, there remained only 103 valid signatures and this insufficient number under the statute prompted the court's dismissal based on lack of jurisdiction. Thus, the question becomes one of first impression in this jurisdiction, i.e., as to whether, under Burns' § 48-702, *supra*, a landowner may validly waive the right to remonstrate by prior agreement.

It is our opinion that by prior agreement an owner in fee of a parcel of land may validly waive his right to remonstrate against future annexations. In the case at bar the Allen Superior Court correctly determined that it was without jurisdiction to consider the remonstrance when the agreed stipulation of facts conclusively showed that the remonstrance did not comply with the statutory provisions of Burns' § 48-702, *supra*.

When a remonstrance is filed, the court must make a jurisdictional determination and, as stated in *In re Annexation etc. v. City of Anderson* (1963), 135 Ind. App. 92, 98, 190 N. E. 2d 428 (Transfer denied):

"Under the statute it is therefore incumbent upon the trial court to determine the sufficiency of the remonstrance as to whether it has a majority of the owners of the land or

territory which is sought to be annexed or more than 75% of the assessed valuation of the real estate in such territory. This question is placed at issue when the remonstrance is filed."

If the right to remonstrate is validly waived, then, notwithstanding the fact that the remonstrance, in substance, purports to comply with the statutory requirements, the individuals waiving their rights may not contend that they are entitled to be counted as remonstrators so as to satisfy the jurisdictional requirements of the statute.

The waivers in question, as shown by the agreed written stipulation, affect 131 parcel owners and primarily concern water service installations for property outside the Fort Wayne city limits. One of the provisions in the waivers states as follows:

"Reference is hereby made to Resolution No. 109, passed and adopted by the Common Council of the City of Fort Wayne, Indiana, on the 23rd day of August, 1955, and signed by the MAYOR of the City of Fort Wayne, Indiana, on the 30th day of August, 1955; and therefore, it is further understood and agreed by and between the parties of this contract that any owner or owners of land, their successors in title and assigns which is now or hereafter located outside the corporate limits of the City of Fort Wayne, Indiana, who taps into the water main covered in this contract, or any extensions thereof, shall be deemed to thereby waive his, her, their, or its right to remonstrate against, or otherwise object to, interfere with, or oppose any pending or future annexation by the City of Fort Wayne, Indiana, of such land or of the territory in which such land is located."

56 Am. Jur. 126, *Waiver*, § 24, states in substance that a waiver operates to preclude an individual from reclaiming a known right which has been intentionally relinquished. In the absence of consent, the waiver may not be reclaimed and is thus irrevocable, even in the absence of consideration, or of any change in position of the party in whose favor the waiver operates.

This appeal presents two different questions concerning the validity of these waivers: (1) Whether the waivers are of no significance as to the jurisdictional question and that the signatures of owners should be considered valid in determining whether the statutory requirements have been satisfied, and (2) whether the waivers are invalid because they are contrary to public policy.

To answer the first question affirmatively would be to impose two different standards in applying the statute. Assuming that the right to remonstrate may validly be waived, this interpretation would invalidate the waivers in determining jurisdictional sufficiency only to reimpose their validity during the hearing on the merits pertaining to the proposed annexation. We do not believe the statute contemplates these inconsistent interpretations as to when signatures are to be considered valid. Although we are without Indiana authority on this precise question of waiver, the case of *Petercheff et al. v. City of Indianapolis* (1962), 242 Ind. 490, 178 N. E. 2d 746, 179 N. E. 2d 866, involves the seemingly analogous question of the sufficiency of a remonstrance when names are withdrawn from that remonstrance. In that case appellants filed a remonstrance against a proposed annexation of territory by appellee city. The remonstrance bore the requisite number of names, but subsequent to filing and upon petition of several of the original remonstrators, certain names were withdrawn and this action reduced the number of signatures to an amount insufficient under the statute. The remonstrance was thereupon dismissed. The trial court's dismissal was affirmed on appeal. The Supreme Court stated at page 494:

"The rule is well settled that the withdrawal of names on a petition operates as a dismissal of it as to those names withdrawn, and it follows from Burns' § 2-901, *supra*, that persons signing a petition have the right to withdraw their names therefrom before the tribunal created by law to receive and consider said petition has acted thereon. (Citing authorities).

"In the case before us it is clear that no action is taken by the court under Burns' § 48-702 (1961 Cum. Supp.), *supra,* which could be construed as a finding until the court makes a determination as to the sufficiency of the remonstrance. Here it is unquestioned that prior to the making of any such determination appellee had filed motion to withdraw said names with accompanying exhibits of said signatories requesting said withdrawal.

"We must conclude that the withdrawal was therefore timely made and that the lower court's ruling upon reconsidering the matter that the remonstrance was insufficient and should be dismissed, was proper."

Admittedly, withdrawal is not at issue in the appeal before us, but our interpretation of the statute and the *Petercheff* case, *supra,* compels us to conclude that the numerical requirements apply to both the original filing of and the hearing on the proposed annexation, and if a waiver of the right to remonstrate is valid, then its validity is applicable to the sufficiency of the remonstrance from the time of filing until final disposition of the matter.

The significant question before us is whether the statutory right to remonstrate to an annexation pursuant to Burns' § 48-702 *supra,* may be validly waived, and, further, whether waiver of this statutory right is contrary to public policy. The legislature provided the right to remonstrate, but also by statute expressly provided for waiver of this right in particular situations. Acts 1967, ch. 128, § 16, p. 256, Burns' Ind. Stat. Anno., § 48-3963, (1968 Cum. Supp.), permits statutory waiver of the right to remonstrate in the construction of sewage facilities. Said statute reads as follows:

"Contracts with owners of real estate for the construction of sewage facilities.—In addition to any powers conferred upon any board of public works or board of public works and safety, or board of town trustees, by the provisions of this act (§§ 48-3948—48-3967), each may contract with owners of real estate for the construction of storm, sanitary or combination sewers, pumping stations or disposal plants within the city or town or within four (4) miles from its corporate limits in order to provide service for the area

in which the real estate of the owners is located, and to provide, for a period of not to exceed fifteen (15) years, for the reimbursement of the owners and their assigns by any owner of real estate who did not contribute to the original cost of the sewers, pumping stations or disposal plants, and who subsequently taps into or uses the same or deposits sewage or storm waters therein, of a fair pro rata share of the cost of the construction of the sewers and facilities, including not only direct users but also users on any lateral sewers connecting thereto, subject to such reasonable rules and regulations as the board may adopt and pursuant to contract, notwithstanding the provisions of any other law relating to the functions of local governmental units: Provided, That the provisions of the contract shall not be effective as to any owner of real estate not a party thereto unless the contract shall have been recorded in the office of the recorder of the county in which the real estate of the owner is located prior to the time the owner taps into or connects to the sewers and facilities. The power of the board to so contract shall also apply to sewers and facilities in process of construction or which have not been finally approved or accepted for full maintenance and operation by the city or town upon the effective date of this act, January 1, 1968.

*"The contract shall include as part of the consideration running to the city or town, the release of the right of the owners party thereto and their successors in title to remonstrate against pending or future annexations to the city or town of the area served by the sewers and facilities, and any person tapping into or connecting to the sewers and facilities contracted for, shall be deemed to thereby waive their rights to remonstrate against the annexation of the area served by the sewers and facilities."* (Emphasis supplied)

While it is apparent that the waivers involved in this appeal apply to the construction of water rather than sewage facilities, the existence of the statutory requirement of waiver indicates that waiver of the right to remonstrate is not so prejudicial to a landowner so as to be declared invalid as against public policy. Although sewage and water facilities are technically different, both services relate to the factors of public health, safety and morals that serve to determine those public interests deserving of protec-

tion. It is apparent that waiver of the right to remonstrate is not *per se* contrary to the public policy of this state as determined by our legislature. Our recitation of Burns' § 48-3963, *supra,* makes this abundantly clear. Further, we believe that the mandatory waiver imposed by statute in the construction of sewage facilities may not be considered as limiting the possibility or existence of a valid waiver to those situations created and governed by strict statutory mandate. In this context our courts have long recognized the fact that an individual landowner may waive his right to contest annexation when a municipality exercises its corporate franchise over the territory subsequently to be annexed for a period of years prior to a contested annexation, and the individual landowner, during this period and until the attempted annexation, accepts the services of the municipality and benefits therefrom.[1] The record is insufficient as to these questions, and we, therefore, shall not attempt to discuss the applicability of the doctrines of estoppel, acquiesence and laches to the question before us on appeal. We refer to this subject only to show the historical existence of legal theories supporting our conclusion that an individual may waive the statutory right to remonstrate.

The statutory right to remonstrate is an individual right of every landowner in the territory to be annexed, and an individual landowner may waive that right by express contract. Appellants have by express contractural provision voluntarily relinquished their rights in return for beneficial services performed by appellee. Appellants paid the installation costs in return for city water service, and further agreed, by express reference, to waive their right to remonstrate. We believe that none of these contracts are so unintelligible as to be subject to adverse scrutiny. The provisions are clear and unambiguous, and because of the lack of any cogent public policy argument requiring

1. Discussion and cited authorities at 20 I. L. E. 348, *Municipal Corporations,* § 14.

a declaration of their nullity, their express provisions must govern the rights of the individual parties thereto. Appellants, individually, waived a statutory right created by statute in 1905. This right vested in each individually at the time they became owners in fee of a parcel of land. It cannot be said that the right to remonstrate does not vest until such time as an individual chooses to exercise it. An individual's right to remonstrate vests when he becomes a landowner, and said individual may be said to have waived that right in the contract of purchase itself, or at any time thereafter when said individual enters into a valid and enforceable contract which expressly states that the owner waives the right to remonstrate in consideration for services rendered. In the absence of an unenforceable or invalid contract, the waivers are valid. This is the situation before us.

Judgment affirmed. Appellants are hereby ordered to pay the costs of this appeal.

Hoffman, Sharp and White, J.J., concur.

NOTE.—Reported in 247 N. E. 2d 544.