## DOAN ET AL. v. CITY OF FORT WAYNE.

[Nos. 768A111, 1169S268. Filed November 13, 1969. Rehearing denied January 9, 1970. To Supreme Court on petition to transfer.]

132

Ralph R. Blume, Nieter, Smith, Blume, Wyneken & Dixon, Fort Wayne, for appellants.

J. Robert Arnold, City Attorney, Robert E. Meyers, Associate City Attorney, Fort Wayne, for appellee.

HUNTER, J.—This action arises out of an attempted annexation of land by the appellee, the City of Fort Wayne, Indiana. Appellants were owners of 372 out of 492 parcels or 75.6% of the land proposed to be annexed. They opposed said annexation by filing a written remonstrance in accordance with Ind. Ann. Stat. § 48-702 (1963 Repl.) as set forth below. The trial court dismissed the remonstrance against appellants, and overruled their motion for a new trial. Appellants took an appeal to the Appellate Court which affirmed the trial court's verdict. *Doan v. City of Fort Wayne* (1969), 144 Ind. App.

517, 247 N. E. 2d 544. The question here presented is one of first impression concerning a matter of substantial public importance. We, therefore, deem it incumbent upon this court to carefully consider the issues presented.

The facts in this case may be summarized as follows: The Common Council of the City of Fort Wayne adopted Annexation Ordinance No. X-4-65 on May 25, 1965, which ordinance proposed to annex the land herein in dispute. Appellants filed timely written remonstrances as provided by the provisions of § 48-702, *supra,* and the cause was heard in the Allen Superior Court #3. The trial court found that of the owners of 372 parcels of land who signed remonstrances, the right to remonstrate was waived by the owners of 131 of these parcels; that the owners of another 113 parcels waived their right because a waiver was incorporated in instruments, 98 of which were recorded and 15 of which were not; that the present owners of 3 parcels had previously waived their rights to remonstrate in instruments signed individually; that the right to remonstrate was waived in instruments duly recorded by the predecessors in title of the owners of an additional 37 parcels of land; that the waivers as set forth, except as to the 15 parcels affected by the unrecorded instrument, were valid waivers and, therefore, could not be counted in determining whether sufficient signatures were affixed to the remonstrance in order to establish its validity; that there only remained valid and effective signatures of the owners of 103 parcels out of the 492 parcels; and that the 103 parcels constituted less than 50% of the 492 parcels to be annexed.

The trial court as a consequence of these findings, dismissed the remonstrance because neither statutory prerequisite was satisfied, to-wit: that the appeal be taken by a majority of the owners of the land to be annexed or owners of more than 75% of the assessed valuation thereof. No evidence was introduced at the trial as to the latter signatural requirement.

We agree with the Appellate Court that the significant questions presented by this case are whether the statutory right

to remonstrate to an annexation may be validly waived under the circumstances of this case and whether such waiver is contrary to public policy. However, we respectfully disagree with their result.

The right to remonstrate is an extremely important one. The legislature created the right to give affected landowners a legal means to challenge annexation if they "deem themselves aggrieved or injuriously affected." The statute reads in pertinent part as follows:

"Remonstrances against annexation—Procedure—Fire protection and other services—Agreement for or court action in regard to—Whenever territory is annexed to a city whether by general ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, an appeal may be taken from such annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent (75) in assessed valuation of the real estate in the territory, if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated or with the judge thereof in vacation, within thirty (30) days after the last publication provided for in section 242 (§ 48-701) ; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. Upon receipt of such remonstrance the court or the judge thereof in vacation shall determine whether it bears the necessary signatures and complies with the requirements of this section. In determining the total number of landowners of the area and whether or not signers of the remonstrance are landowners, the names as they appear upon the tax duplicate shall be prima facie evidence of such ownership. In ascertaining the number of landowners of the area and for the purpose of determining the sufficiency of the remonstrance as to the number of landowners required to constitute a majority, not more than one (1) person having an interest in a single property, as evidenced by the tax duplicate, shall be considered a landowner. Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty (60) days thereafter. Notice of such proceedings

by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other cases. The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such annexation according to the evidence which either party may introduce. Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

(b) The area is urban in character, being an economic and social part of the annexing city.

(c) The terms and conditions set forth in the ordinance are fair and just.

(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

(e) The area sought to be annexed, if underdeveloped, is needed for development of the city in the reasonably near future.

(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality.

If the judge of the court shall find that the primary determinants enumerated above apply to the annexation, it shall take place notwithstanding the remonstrance and notwithstanding, further, the provisions of any other statute of this state. If, however, the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place. . . ."

In the present case all of the alleged waivers grew out of contracts entered into with appellee for the installation of water service in land located outside the city limits of Fort Wayne. In addition to other consideration paid by the landowners to appellee, the contracts all contained a waiver of the right to remonstrate against annexation. One provision in the waiver states in part as follows:

". . . and therefore, it is further understood and agreed by and between the parties of this contract that any owner or owners of land, their successors in title and assigns which is

now or hereafter located outside the corporate limits of the City of Fort Wayne, Indiana, who taps into the water main covered in this contract, or any extensions thereof, shall be deemed to thereby waive his, her, their, or its right to remonstrate against, or otherwise object to, interfere with, or oppose any pending or future annexation by the City of Fort Wayne, Indiana, of such land or of the territory in which such land is located."

All of these alleged waivers, with one exception, were signed before the date of the annexation ordinance. The oldest of the waivers dates back to 1959.

A careful reading of the language of the above statute setting forth the procedure for remonstrances leads us to the conclusion that the right to remonstrate does not vest before territory is sought to be annexed.

"*Whenever* territory is annexed . . . an appeal may be taken . . . " (our emphasis) § 48-702, *supra.*

There is sound logic for this conclusion. In the first place, it is impossible to imagine how a landowner would know he were aggrieved or injuriously affected unless he knew *when* and under *what* circumstances prospective annexation were to take place. The statute provides that the remonstrance or complaint shall state the reason why such annexation ought not in justice take place. The right of remonstrance is designed to protect the landowner from injury arising out of annexation. Unless there is an annexation, there can be no injury, nor can there be any right to remonstrate.

It is well settled that the right or privilege alleged to have been waived must have been in existence at the time of the alleged waiver. The right must exist before one can waive it. *Conner* v. *Fisher* (1964), 136 Ind. App. 511, 202 N. E. 2d 572; *Lavengood* v. *Lavengood* (1947), 225 Ind. 206, 73 N. E. 2d 685; *Shelt* v. *Baker* (1922), 79 Ind. App. 606, 137 N. E. 74.

"The term 'waiver' implies a choice or an election to dispense with something of present value or to forgo some present advantage. Therefore, to constitute a waiver, the right or privilege claimed to have been waived must generally have been in existence at the time of purported

waiver. A person cannot waive a right before he is in a position to assert it." 28 Am. Jur. 2d 839, § 157.

It is our belief that the right to remonstrate may be waived, however, it is imperative that it be in existence at the time of waiver. Such an interpretation is necessary if the right conferred is to be meaningful. In the instant case with one exception, all of the waivers were signed before any annexation was pending. Furthermore there is no evidence in the record to indicate that annexation was contemplated or that any of the signatories knew of any such plan. In short, the record is completely barren of any evidence which would lead this court to believe that the right to remonstrate had vested at the time the alleged waivers were executed.

Moreover, we are compelled by our examination of this section (§ 48-702, *supra*) to conclude that an owner of land may not validly waive his right to remonstrate against *future* annexations, unless expressly authorized to do so by statute. There are several reasons for this.

In the first place, the right to remonstrate is a right to have a day in court, it is not a right to obstruct annexation. The statute commands the court to permit annexation to take place *notwithstanding the remonstrance,* if the primary determinants are found to exist: We repeat them here:

". . . (a) The annexation is in the best interests of the city and of the territory sought to be annexed.

   (b) The area is urban in character, being an economic and social part of the annexing city.

   (c) The terms and conditions set forth in the ordinance are fair and just.

   (d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

   (e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

> (f)  The lines of the annexation are so drawn as to form a compact area abutting the municipality."

Clearly, to permit municipalities to secure waivers years in advance of annexation would render the terms of the statute meaningless.  Common sense would tell us that a municipality, whose annexation scheme failed to satisfy the determinants set forth in the statute, would find no difficulty in executing it, if it could secure sufficient advance waivers to oust the court's jurisdiction.  The statute is most easily circumvented in those areas in greatest need of municipal services such as water lines, fire and police protection.  Realistically landowners in such areas would face the choice of signing the waiver or going without these vital services.  We are unwilling to say that under such circumstances annexation, however injurious or repugnant to the landowner, must take place without court examination.

Secondly, we agree with appellants that annexation of territory by a municipality is a matter of public policy and public interest and that annexation must be based thereon rather than on purely individual benefits and burdens. *Smith et al.* v. *Incorporated Town of Culver* (1968), 249 Ind. 665, 234 N. E. 2d 494; *Keene* v. *Michigan City* (1965), 137 Ind. App. 477, 210 N. E. 2d 52; *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 165 N. E. 2d 141; *Arnholt* v. *City of Columbus* (1957), 128 Ind. App. 253, 145 N. E. 2d 660.  Accordingly, we find that the waivers involved in the case at bar are objectionable because of their remoteness to the actual annexation.  The public interest in a particular annexation can only be determined at the time and place it is to occur and it follows that only the present landowners can possibly decide whether or not to remonstrate.  To permit a predecessor in title to bind forever his successors would not only derogate from the public interest but it would also have the effect of destroying the rights of other landowners to remonstrate.  As to them the statute would be a nullity even

though neither they nor their predecessors in title waived anything.

Finally, it is erroneous to conclude that because the legislature permits statutory waiver of the right of remonstrance in the construction of sewage facilities, Ind. Ann. Stat. ■ § 48-3963, (1969 Supp.), that by analogy waiver should be permitted in contracting for other services relating to factors of public health, safety and morals. On the contrary, if the legislature meant to extend waiver of the right to other areas we must presume that it would have done so.

In contracts with owners of real estate for the construction of sewage facilities, the statute expressly provides for a waiver of the right to remonstrate:

> ". . . The contract *shall* include as part of the consideration running to the city or town, the release of the right of the owners party thereto and their successors in title to remonstrate against *pending* or *future* annexations to the city or town of the area served by the sewers and facilities, and any person tapping into or .conecting to the sewers and facilities contracted for, shall be deemed to thereby waive their rights to remonstrate against the annexation of the area served by the sewers and facilities." § 48-3963, *supra.* (our emphasis.)

We will not inquire into nor speculate as to the reasons the legislature found to incorporate such a provision of waiver into the law relating to sewer construction. Suffice it to say that no such waiver provision exists in the statute under which this controversy arose, § 48-702, *supra,* and we will not judicially legislate one. The rule of *expressio unius est exclusiono alterius* (expression of one thing is the exclusion of another) should prevail.

Transfer is hereby granted. Judgment is reversed with orders to the trial court to determine the sufficiency of the remonstrance in a manner not inconsistent with this opinion.

Judgment reversed.

140

DeBruler, C.J., Arterburn and Jackson, JJ., concur; Givan, J., dissents with opinion.

### DISSENTING OPINION

GIVAN, J.—I dissent from the majority opinion granting transfer and reversing the judgment of the trial court in this case.

I have read the opinion of the Appellate Court, *Doan* v. *City of Fort Wayne* (1969), 144 Ind. App. 517, 247 N. E. 2d 544, 17 Ind. Dec. 519. After reading the decision of the Appellate Court, I am of the opinion that it is correct. I think the provisions of the agreement entered into by the property owners are clear and uambiguous and that their expressed provisions must govern the rights of the parties involved. It is my opinion that they voluntarily chose to waive the right to remonstrate in exchange for the services requested.

I, therefore, approve the opinion of the Appellate Court affirming the judgment of the trial court.

NOTE.—Reported in 252 N. E. 2d 415.