Virgil **VAN BIBBER, The Van Bibber Lakeside Retreat, Inc., and American Fletcher National Bank and Trust Company, Appellants (Defendants Below),**

v.

**William C. NORRIS, Appellee (Plaintiff Below).**

No. 2–376 A 91.

■

Aug. 25, 1980.

Terrill D. Albright, James M. Carr, Baker & Daniels, Indianapolis, for appellant American Fletcher Nat. Bank & Trust Co.

Glenn E. Davis, Sr., Davis & Davis, Indianapolis, for appellants Virgil Van Bibber, The Van Bibber Lakeside Retreat, Inc.

Robert J. Hoffman, Hugh G. Baker, Jr., Steven D. Allen, Indianapolis, for appellee.

## ON PETITION FOR REHEARING

YOUNG, Presiding Judge.

Our decision in this cause is reported at 404 N.E.2d 1365 (1980). The bank and the Van Bibbers have petitioned for a rehearing. We deny it. We will comment on some matters raised by the bank.

In this appeal the bank asked us to review the trial court's decision concerning the consequences, if any, resulting from the failure of Norris to pay the instalment due October 30, 1970. Specifically, we reviewed whether it was clearly erroneous, Ind. Rules of Procedure, Trial Rule 52(A), for the trial court to have concluded that the bank's decision to repossess could not be justified on account of the alleged default of Norris in missing the instalment payment. 404 N.E.2d 1372–74. Viewing the evidence favorable to the judgment, we held that the trial court was correct and that the bank's decision could not be justified upon that alleged default. Quite simply, we observe the bank had never contended that it had in fact relied in the first instance upon this alleged default when it decided to repossess. 404 N.E.2d 1373 & n. 4. Second, we observed that the bank's own employee, John Runk, acknowledged that as of November 9, the date the bank decided to repossess, Norris was current on his account. 404 N.E.2d 1372. Third, the bank's evidence established that Norris had been past due (five days late) fifty-seven times and delinquent (over ten days late) thirty-seven times. This we held would support a finding of waiver. 404 N.E.2d 1373.

This evidence supports the trial court's decision. This evidence is binding upon an appellate court. Significantly, the bank's petition does not question the accuracy of this view of the evidence. Nonetheless, in section no. 1 of its petition the bank still presses hard its argument that it was entitled to repossess due to the alleged delinquency. In this section of the petition the bank argues that this court's decision failed to answer a substantial question. *See* AR. 11(B)(2)(e). Citing *Lafayette Car Wash, Inc. v. Boes*, (1972) 258 Ind. 498, 282 N.E.2d 837, and *Doan v. City of Fort Wayne*, (1969)

253 Ind. 131, 252 N.E.2d 415, the bank contends the omitted question is "whether the trial court erred as a matter of law by concluding that AFNB's prior acceptance of later installment payments constituted a waiver of AFNB's right which accrued thereafter to repossess based upon Norris' later failure to make a timely installment payment."

■ In the abstract the bank's view of the cited cases may be correct. However, as we have pointed out the factual foundation necessary for an application of this case law is absent. Namely, the evidence favorable to the judgment establishes that (1) the bank never relied upon the alleged default in the first instance, and (2) in any event the bank had waived timely payment. Accordingly, the factual foundation needed for an application of the cited cases is absent. We therefore reject the bank's argument contained in section 1 of the petition.

■ In a related argument the bank seeks to uphold its non-waiver of default clause. As we pointed out in the opinion, 404 N.E.2d 1372–74, even if we were to assume *arguendo* the clause were valid, the bank would gain nothing because the bank had never relied in the first instance upon the alleged default when it decided to repossess. Quite the contrary, the bank's employee Runk said the account was current. The bank's petition for rehearing consequently fails to supply any factual foundation for the application of the non-waiver clause. And, in any event, application of the non-waiver clause would contravene. *Skendzel v. Marshall*, (1973) 261 Ind. 226, 301 N.E.2d 641, 643–44.

■ In other portions of the petition for rehearing the bank complains that we placed too much emphasis on the bank's duty to act in good faith. The bank argues that the event of default is objective and that, consequently, any subjective motive or good faith possessed by the bank would be irrelevant. If indeed the grounds for default exist then the subjective motive which compels the secured party to decide to repossess based upon those grounds may be no concern to the court. However, this court pointed out in its decision that there was evidence from which the trial court reasonably could infer that the grounds themselves were either absent or created retroactively by the bank. The prime example is the bank's insistence that it repossessed due to a delinquent payment when, in contrast, the bank's own employee testified the account was current and when in any event the bank had waived timeliness. Our introduction of good faith into this analysis was to point out that at a minimum good faith requires that the ground for default exist before it can be asserted to justify the repossession. 404 N.E.2d 1372–73.

■ In section no. 3 of the petition the bank claims that on p. 13 of the slip opinion, 404 N.E.2d 1374, this court *sua sponte* held the non-waiver clause unconscionable. The bank exaggerates. Also with respect to this non-waiver clause the bank complains in brief that this court's decision took away the bank's right to repossess without notice in those instances where the bank has in the past foregone repossession notwithstanding a default by the debtor. The law has a ready solution for this. The bank can give notice that in the future it will expect timely payment. *Skendzel v. Marshall*, (1973) 261 Ind. 226, 301 N.E.2d 641, 643–44.

Neither the bank nor the Van Bibbers have challenged the measure of compensatory damages. They have challenged the award of punitive damages. We deny their petitions in that particular. The Van Bibbers have raised no issue on rehearing other than the award of punitive damages. As to the Van Bibbers all other issues have passed out of the case. AR. 11(B); *Automobile Underwriters, Inc. v. Smith*, (1961) 241 Ind. 302, 171 N.E.2d 823; *Dorweiler v. Sinks*, (1958) 238 Ind. 368, 151 N.E.2d 142.

Petitions for Rehearing denied.

CHIPMAN and MILLER, JJ., concur.